IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY DEAVERS, et al.,

          Plaintiffs,

v.                            CIVIL ACTION NO. 2:09-cv-01031

PATRIOT COAL CORPORATION, et al.,

          Defendants.

**MEMORANDUM ORDER AND OPINION**

Pending before the court is the plaintiff's Motion to Remand Case to Circuit Court of Boone County and to Award Plaintiffs' Costs, Expenses and Attorney's Fees [Docket 7]. The Motion is **GRANTED in part and DENIED in part**. Accordingly, the court **REMANDS** this case to the Circuit Court of Boone County, West Virginia.

*I. The Motion to Remand is Granted*

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2000). Section 1332 of Title 28 of the United States Code provides federal jurisdiction over cases in which the parties are completely diverse. Nondiversity between the plaintiff and any defendant, however, defeats jurisdiction under § 1332. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). In a case that has been removed from

state court to federal court, the party seeing removal bears the burden of establishing federal jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Here, the defendants removed this case from state court, despite the nondiversity of the parties. They assert that defendant Les Hatcher, who is of the same citizenship as the plaintiff, was fraudulently joined. "To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks omitted).

The plaintiff asserts a state-law cause of action against Hatcher, supported by numerous factual allegations. The defendants do not contend the plaintiff has committed outright fraud. Rather, they assert, as a matter of law, that the plaintiff cannot prevail against Hatcher. Despite a convoluted argument to the contrary, the defendants have not shown there is "no possibility" that the plaintiff could prevail on his claim in state court. The defendants have thus failed to carry their "heavy burden." *Id.* As such, this court lacks jurisdiction over this case. The Motion to remand is **GRANTED**.

*II. The Motion for Costs, Expenses, and Attorney's Fees is Denied*

The plaintiffs also seek costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c). That statute leaves the decision to make such an award within the discretion of the court. For reasons appearing to the court, such an award would be inappropriate in this case. This aspect of the Motion is thus **DENIED**.

This case is **REMANDED** to the Circuit Court of Boone County, West Virginia. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 23, 2009

Joseph R. Goodwin, Chief Judge